IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

7/27/2026

LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

|  |  |
|---|---|
| ELIZABETH ASHLEY JANSEN, ) | |
| ) | Civil Action No.: 5:26-cv-00022 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | By:    Hon. Thomas T. Cullen |
| ) |          United States District Judge |
| Defendant. ) | |

On February 17, 2026, Plaintiff Elizabeth Ashley Jansen, who is proceeding *pro se*, filed this Federal Tort Claims Act ("FTCA") suit against the United States. (Compl. §§ I–II [ECF No. 1].) Jansen alleges medical malpractice arising from her treatment for a mispositioned intrauterine device ("IUD") at an unspecified United States Department of Veteran's Affairs ("VA") Medical Center. (*See generally id.*) This matter is before the court on the Government's motion to dismiss for failure to state a claim and failure to serve. (Gov't Mot. [ECF No. 5].) For the reasons discussed herein, the court will grant the Government's motion.

## I.    BACKGROUND

The facts are recited as Jansen alleges them in her Complaint and, at this stage, the court accepts the allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]

Jansen, a veteran, suffers from fibroids,[2] endometriosis, and chronic pelvic pain. (Compl. ¶ III.8.) Sometime before November 10, 2021, she received medical care for these

---

[1] The court is cognizant of its duty to construe *pro se* filings liberally.

[2] Fibroids are uterine growths that can be painful. *See Uterine Fibroids*, Mayo Clinic (Sep. 15, 2023), *available at* https://www.mayoclinic.org/diseases-conditions/uterine-fibroids/symptoms-causes/syc-20354288.

conditions at a VA Medical Center, though she does not specify the Medical Center's location.[3] (*Id.* ¶ II.6; Attach. 2 (stating, in correspondence via the VA Office of General Counsel, that "by November 10, 2021, she was advised that her IUD was mispositioned")).) VA physicians "confirmed pathology" and a mispositioned IUD, but despite these findings, "failed to remove the IUD or escalate care." (*Id.* ¶¶ III.9–10.) Jansen alleges that she was "instructed to delay treatment" and that "[r]ecords increasingly reframed pain as behavioral." (*Id.* ¶¶ III.11–12.) She further alleges that she was repeatedly denied care and ultimately required a hysterectomy. (*Id.* ¶¶ 13–15.)

On February 17, 2026, Jansen initiated this action[4] against the United States under the FTCA, alleging (1) medical negligence, (2) continuing negligence, and (3) reckless disregard. (*See generally id.*) On May 14, 2026, she returned proof of service, stating that she "served the summons and complaint" by Certified Mail.[5] (ECF No. 3.) But on June 9, 2026, the Assistant United States Attorney of the Western District of Virginia informed her, via letter, that she had failed to serve because she had not sought a summons from the Clerk of Court. (ECF No. 4 (citing Fed. R. Civ. P. 4(c), (i), (l)).) The letter also included a copy of the Designation of Civil Process Clerk for the Western District of Virginia to assist Jansen in effecting proper

---

[3] Based on Jansen's residence in Winchester, Virginia, the court assumes that Jansen is referring to the Winchester VA Clinic, but it cannot rely on its assumption to establish this integral fact.

[4] On January 21, 2025, Jansen also filed her claim with the VA; on September 12, 2025, her claim was denied. (*See* Compl., Attach. 2 (stating that claim is time-barred and, therefore, denied).)

[5] The Clerk of Court had previously provided Jansen with a 70-day Notice, advising her that she had until May 18, 2026, to inform the court that service had been properly accomplished. (ECF No. 2.)

service. (*Id.*, Attach. 1.) Despite this correspondence, Jansen did not remedy the defective service.

On June 22, 2026, the Government filed a motion to dismiss for failure to state a claim and failure to serve. (*See* Gov't Mot.) Jansen did not respond to the motion,[6] and the matter is therefore ripe for disposition.

## II.   STANDARD OF REVIEW

When a defendant moves to dismiss for insufficient service of process under Rule 12(b)(5), "[t]he plaintiff bears the burden of proving adequate service." *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016). If a defendant receives "actual notice of the commencement of the action . . . the provisions of Rule 4[ ] should be liberally construed to effectuate service and uphold the jurisdiction of the court." *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963). "[E]very technical violation . . . or failure of strict compliance may not invalidate service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Still, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Id.* Ultimately, the court has broad discretion in deciding a Rule 12(b)(5) motion. *See Scott*, 673 F. App'x at 304.

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[6] On June 22, 2026, the Clerk of Court sent Jansen a *Roseboro* Notice generally describing a motion to dismiss and advising her of her right to respond within 28 days. (ECF No. 8.)

544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557). When evaluating the sufficiency of a complaint, the court is obligated to consider the factual allegations asserted in the complaint as well as any exhibits attached thereto. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing Fed. R. Civ. P. 10(c)).

## III.    ANALYSIS

The Government argues that Jansen's Complaint should be dismissed for three independent reasons: (1) Jansen failed to properly serve the Government, in violation of the Federal Rules of Civil Procedure; (2) she fails to state a claim; and (3) her claims are time-barred. (*See* Gov't Br. Supp. Mot. Dismiss ("Gov't Br.") at 1 [ECF No. 5].) The court agrees that Jansen failed to effect proper service and that her claim is barred by the applicable statute of limitations.[7]

Proper service requires that a defendant receive *both* a copy of the complaint *and* a summons. *See* Fed. R. Civ. P. 4(c). Additionally, when the United States is the defendant, a plaintiff must

> deliver a copy of the *summons* and of the complaint to the United
> States attorney for the district where the action is brought—or to
> an assistant United States attorney or clerical employee whom the

---

[7] Because the court finds that Jansen's Complaint should be dismissed for these two reasons, it will not address the Government's additional 12(b)(6) arguments.

> United States attorney designates in a writing filed with the court clerk—or . . . send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; . . . [and] send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.[.]

Fed. R. Civ. P. 4(i)(1) (emphasis added).

"[T]he rules [of service] are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco*, 733 F.2d at 1089. To be sure, receipt of actual notice by a defendant warrants a "liberal construction" of Rule 4 where "every technical violation . . . or failure of strict compliance may not invalidate the service of process." *Id.* But "[a]ctual notice does not equate to sufficient service of process, even under the liberal construction of the rules." *Scott*, 673 F. App'x at 305. This especially applies when a plaintiff fails to serve a defendant properly despite being warned about insufficient service before Rule 4(m)'s 90-day time limit expires. *See Crawford v. Holman*, No. 7:20-cv-000488, 2021 WL 4453620, at *2, *6 (W.D. Va. Sept. 29, 2021); *see also Chien v. Grogan*, No. 1:16-cv-1470, 2017 WL 1091504, at *2 (E.D. Va. Mar. 23, 2017) (dismissing a complaint for insufficient service of process when "Plaintiff made no additional efforts to serve Defendants properly" despite the court "caution[ing] Plaintiff . . . that [his] method of service did not comply with the Rules").

Here, Jansen failed to comply with Rule 4 by failing to serve the Government with a properly executed summons. In fact, the docket does not indicate that Jansen served a summons or ever requested one from the Clerk of Court. To be sure, the Government concedes that it received actual notice of Jansen's claims when it received the Complaint. (Gov't Br. at 4.) But Jansen's failure to serve the summons constitutes a "substantial defect"

that actual notice does not cure. *Scott*, 673 F. App'x at 306; *see also Turner v. Howell*, No. 4:22-cv-00130, 203 WL 6509490, at \*6 (W.D. Va. Oct. 5, 2023) (distinguishing technical missteps from substantial defects in serving process). "To hold otherwise would eviscerate the clear requirements of Rule 4," particularly when the Assistant United States Attorney and the court notified Jansen that her purported service was deficient. *Scott*, 673 F. App'x at 306. Ultimately, Jansen strayed from the plain and clear requirements of Rule 4, and her Complaint must be dismissed for failure to serve.

But even if Jansen had properly served the Government—or, even if the court were able to overlook a technical violation in that service—her claims are still time-barred. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b)); *see also Kirchhoff v. United States Government*, No. 7:18CV00489, 2019 WL 1930134, at \*5 (W.D. Va. Apr. 30, 2019). "As a general rule, a claim accrues 'when the plaintiff knows both the existence and the cause of his injury.'" *Kirchhoff*, 2019 WL 1930134, at \*5 (quoting *United States v. Kubrick*, 444 U.S. 111, 113 (1979)).

At the threshold, Jansen does not allege the date of her injury or when she discovered its existence and cause. But the court infers the date of accrual from a letter from the VA Office of General Counsel, which Jansen attaches to her Complaint,[8] informing Jansen that "by November 10, 2021, you were advised that your [IUD] was mispositioned." (Compl., Attach. 2.) Therefore, the limitations period for Jansen's claim ended on November 10, 2023.

---

[8] The court considers this additional document because it is "integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

She filed her Complaint almost two years after this date, so unless an exception applies, her claim is time-barred.

Although she is not explicit in her allegations, Jansen appears to invoke an exception: the continuous-treatment rule. (Compl. ¶¶ III.14, 16–17 (alleging that "tolling applies" because she "could not reasonably discover the injury earlier" and that the "conduct was continuous").) "The continuous[-]treatment rule tolls the statute of limitations for medical malpractice claims 'so long as the plaintiff remains under the continuous treatment of a physician whose negligence is alleged to have caused the injury.'" *Smith v. United States*, 807 F. Supp. 3d 584, 591 (W.D. Va. 2025) (internal quotations omitted) (quoting *Miller v United States*, 932 F.2d 301, 304 (4th Cir. 1991)). If a plaintiff receives care from multiple providers in a government hospital, the continuous-treatment rule may apply only if the plaintiff can establish "a close nexus . . . for a change of doctors to not break the chain." *Holland v. United States*, 302 F. Supp. 2d 484, 488 (M.D.N.C. 2004); *see also Smith*, 807 F. Supp. 3d at 592 (finding that continuous-treatment rule did not apply to plaintiff's FTCA action because he did not allege that he had a consistent physician, and he saw multiple providers for different ailments).

Here, Jansen alleges that she experienced "continuous conduct," but this conclusory allegation does not save her claim. (Compl. ¶ 14.) Critically, Jansen does not allege that she was under the continuous treatment of the same physician, or a "close nexus" of physicians, for her IUD issues (or, for that matter, that she even sought care at the same clinic). *Holland*, 302 F. Supp. 2d at 488; *Smith*, 807 F. Supp. 3d at 592. These allegations are critical to establishing that she is entitled to the benefit of the continuous-treatment rule and, without them, the court concludes that her claims are time-barred. Her Complaint must be dismissed.

## IV.    CONCLUSION

For these reasons, the court will grant the Government's motion to dismiss in its entirety.[9]

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record. The Clerk is further directed to strike this case from the court's active docket.

**ENTERED** this 27th day of July, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[9] Jansen's Complaint will be dismissed without prejudice. Therefore, if Jansen chooses to develop or reframe her claims, then properly serves the United States with a copy of that complaint and a summons, she may refile her action with the court. The court makes no judgment, at this early stage, on whether Jansen will be able to overcome the Government's statute-of-limitations argument.