CLERKS OFFICE
US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
11/6/2026
LAURA A. AUSTIN, CLERK
BY: s/J. Lopez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

ELIZABETH ASHLEY JANSEN, )
)
Plaintiff, ) Civil Action No. 5:26-cv-00022
)
v. ) **MEMORANDUM OPINION**
)
UNITED STATES OF AMERICA, ) By: Hon. Thomas T. Cullen
) United States District Judge
Defendant. )

---

On February 17, 2026, Plaintiff Elizabeth Ashley Jansen, proceeding *pro se*, filed a Federal Tort Claims Act ("FTCA") action against the United States. (*See generally* Compl. [ECF No. 1].) Jansen's Complaint alleged medical malpractice arising from her treatment for a mispositioned intrauterine device ("IUD") at a United States Department of Veterans Affairs ("VA") Medical Center. (*See id.*) On June 22, 2026, the Government filed a motion to dismiss Jansen's Complaint (ECF No. 5), but Jansen did not file a response or any other motion. The court granted the Government's motion and dismissed Jansen's case without prejudice on July 27, 2026. (ECF No. 10.)

The matter is before the court on Jansen's motion to alter or amend the judgment under Rule 59(e), or, in the alternative, for relief from judgment under Rule 60(b), and for leave to file an amended complaint. (ECF No. 11.) Because Jansen's motion is not timely under Rule 59(e) and she has not satisfied the requirements for entitlement to relief under Rule 60(b), the court will deny Jansen's motion in its entirety.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Jansen is a veteran with a history of fibroids, endometriosis, and chronic pelvic pain. (Compl. ¶¶ II.6, III.8.) She received medical care for these conditions at the Martinsburg VA Medical Center in Martinsburg, West Virginia, where she was treated by Dr. Botticelli and his physician assistant Holly L. Daniels (f/k/a Bonner). (Pl.'s Br. Supp. Mot. ("Pl.'s Br.") at 3 ¶ 3, 6 ¶ 5 [ECF No. 11]; Pl.'s Reply Br. at 4 [ECF No. 13].) In April 2019, Jansen underwent an IUD replacement procedure at the VA Medical Center. (Pl.'s Br. at 3 ¶ 3; Pl.'s Reply Br. at 4.) After enduring months of pelvic pain and bleeding, Jansen underwent an imaging procedure at Valley Health in November 2021. (Pl.'s Reply Br. at 4.) On or around November 22, 2021,[1] Jansen reviewed the results of the test with Daniels and learned that she was suffering from a mispositioned IUD and fibroids. (*Id.*) Jansen's provider referred her to a community health clinic for an emergency IUD removal procedure. (*Id.*) Shortly after the procedure, Jansen reported feeling "instantly better." (*Id.*) Although the procedure relieved many of Jansen's IUD-related symptoms, the community health clinic diagnosed Jansen with pelvic congestion and recommended that she see a vein specialist and receive continued gynecologic care. (*Id.* at 4–5.)

Jansen alleges that the conditions diagnosed by the community clinic persisted after the IUD removal but that her VA providers failed to conduct an "independent review" of her symptoms or administer proper care. (*Id.*) She claims that she "repeatedly sought a different

---

[1] Because Jansen's Complaint did not allege the date when her injury occurred or when she discovered it, the court inferred the accrual date from a letter attached to Jansen's Complaint sent from the VA Office of General Counsel, stating that she was advised of the mispositioned IUD "by November 10, 2021." (*See* ECF No. 9 at 6; Compl. Attach 2.)

provider" at the VA Medical Center but she was informed that "she could not obtain a new caregiver until she filed a tort claim." (*Id.* at 5.) On or before January 2024, Jansen left the VA Medical Center and began care at Inova where she received diagnoses for fibroids, uterine bleeding, pelvic pain, and adenomyosis. (*Id.*) Jansen alleges that "Inova later identified and treated the gynecologic conditions that [she] contend[s] had been causing the bleeding, pelvic pain, painful menstruation, and functional impairment [she] had reported throughout the earlier VA treatment period." (*Id.* at 8 ¶ 15.) These conditions ultimately required a hysterectomy to resolve. (Pl.'s Br. at 3 ¶ 7.)

On February 17, 2026, Jansen brought this action against the United States under the FTCA, alleging medical negligence, continuing negligence, and reckless disregard arising from the medical treatment she received at the VA medical center. (*See generally* Compl.) On May 14, 2026, Jansen returned proof of service, checking a box labeled "other" to indicate that she "served the summons and complaint by United States Certified Mail." (ECF No. 3.) The United States Attorney for the Western District of Virginia sent a letter to Jansen, dated May 5, 2026,[2] notifying her that she had not properly served the Government because she had not requested a summons from the Clerk of Court. (ECF No. 4.) Jansen's briefs contain mailing receipts from April 15, 2026, as evidence of her attempts to comply with service requirements. (*See* ECF No. 13-4.) She also avers that she called the Clerk's Office around this time. (Pl.'s Reply Br. at 7 ¶ 5.) But Jansen never requested a summons from the court at any time prior to the dismissal of this action, and she failed to effectuate proper service.

[2] This letter was not filed with the court until June 9, 2026.

On June 22, 2026, the Government filed a motion to dismiss for failure to state a claim and failure to serve. (ECF No. 5.) Jansen received a *Roseboro*[3] Notice on June 22, 2026, advising her of her right to respond within 28 days. (ECF No. 8.) She never responded to the motion and did not file any other motions with the court. On July 27, 2026, the court granted the Government's motion to dismiss, finding (1) Jansen failed to properly serve the Government in violation of the Federal Rules of Civil Procedure and (2) her claims were time-barred.[4] (*See* ECF No. 9 at 4.) Specifically, the court found that Jansen had failed to plead sufficient facts to support a claim that the "continuous-treatment rule" exception tolled the limitations period for her claims. (*See id.* at 6–7.)

On September 4, 2026, Jansen filed this motion, *pro se*, seeking to alter or amend the judgment under Rule 59(e), or, in the alternative, for relief from judgment under Rule 60(b). (ECF No. 11.) She seeks leave to file an amended complaint and to cure procedural defects if granted relief under either provision. (*Id.*) In support of her motion, Jansen claims that she can produce "specific factual allegations that were absent from the Complaint concerning [the] continuous[-]treatment [rule]" if granted leave to amend. (Pl.'s Br. at 2.) Further, Jansen claims that she "did not intentionally abandon" her case in failing to respond to the Government's motion to dismiss. (Pl.'s Br. at 3 ¶ 10.) She alleges that "the subject matter of this action is intensely traumatic" (*id.* at 3 ¶¶ 10–11), and that "handling the court papers and reliving the underlying VA treatment triggered panic, flashbacks, avoidance, and an inability to read and

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[4] The limitations period for Jansen's claims, as alleged in her Complaint, expired in November 2023. She did not initiate this FTCA action through the U.S. Department of Veterans Affairs until January 2025. (*See* Compl. Attach. 2.)

organize the papers." (Pl.'s Reply Br. at 3.) She buttresses these assertions with medical records reflecting diagnoses of chronic post-traumatic stress disorder and recurrent major depressive disorder. (ECF No. 13-1.) Jansen claims that she "understood that the matter was urgent" but that her symptoms were purportedly exacerbated by her inability to access necessary medication—to which she still does not have access—during the response period. (Pl.'s Reply Br. at 7 ¶ 4–5; Pl.'s Br. at 3 ¶ 11.) Jansen submits these reasons as circumstances justifying relief under Rule 59(e) and Rule 60(b). (Pl.'s Br. at 4 ¶ 13.)

## II. Standard of Review

Because Jansen is proceeding *pro se*, the court liberally construes her filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but a *pro se* plaintiff must still set forth a cognizable claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] district court may not grant [a Rule 15(a)] motion [to amend] unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)." *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)). Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment "[n]o later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Courts recognize the following grounds for granting a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Granting a Rule 59(e) motion "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). "The decision to alter or amend a judgment [under] Rule 59(e) is within the sound

discretion of the district court." *Garnett v. Clarke*, No. 7:14-cv-452, 2015 WL 7571949, at *3 (W.D. Va. Nov. 24, 2015).

Federal Rule of Civil Procedure 60(b) "permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (internal quotation marks omitted). The Fourth Circuit applies a two-part test to determine whether a movant is entitled to relief. First, "a party must demonstrate (1) timeliness, (2) a meritorious [claim or] defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)); *see Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). Second, "[o]nce a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Justus v. Clarke*, 78 F.4th 97, 105–06 (4th Cir. 2023) (citing *Dowell*, 993 F.2d at 48). The decision whether to grant a Rule 60(b) motion "is a matter which lies largely within the discretion of the trial judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). Appellate courts review such rulings for abuse of discretion. *See Aikens*, 652 F.3d at 501.

## III. Discussion

### A. Motion to Alter or Amend the Judgment Under Rule 59(e)

A party must file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed R. Civ. P. 59(e). A district court does not have authority to extend this filing deadline. *See George v. Colley*, No. 7:23-cv-14, 2023 WL 5846531, at *1 (W.D. Va. Sep. 11, 2023); *see also Bannister v. Davis*, 590 U.S. 504, 507–08 (2020) ("The time for doing

so is short—28 days from entry of the judgment, with no possibility of an extension."). Plaintiff claims that she is entitled to relief under Rule 59(e) to prevent manifest injustice and because she can supplement her Complaint with facts that will save her claims from being time-barred. (Pl.'s Br. at 4.) The Government claims that her motion is time-barred by the 28-day deadline for filing a motion for relief under this rule. (Gov't's Mot. Opp. at 6 ("Gov't's Br.") [ECF No. 12].) The court agrees with the Government.

At the threshold, Jansen's motion is untimely under Rule 59(e). The court granted the Government's motion to dismiss on July 27, 2026. (ECF No. 10.) Jansen had until August 24, 2026, to file a Rule 59(e) motion, but she did not file her motion until September 4, 2026—11 days after the filing deadline.[5] (*See* ECF No. 11.) Because Rule 59(e) sets forth a strict 28-day filing deadline, Jansen is not eligible for relief under this Rule. *See Panhorst v. United States*, 241 F.3d 367, 372 (4th Cir. 2001) ("An untimely Rule 59 motion is never proper because the Rules expressly forbid an extension of time for such a motion."). Accordingly, the court will deny Jansen's motion to alter or amend the judgment under Rule 59(e).

### B. Motion for Relief from Judgment under Rule 60(b)

The Fourth Circuit applies a two-part test for granting a motion for relief from the judgment under Rule 60(b). Once the moving party has demonstrated (1) timeliness; (2) meritoriousness; (3) lack of unfair prejudice; and (4) exceptional circumstances, they must then show that a ground for relief under 60(b)(1)–(6) is available. *See Wells Fargo Bank, N.A.*, 859 F.3d 295 at 299; *Justus*, 78 F.4th at 105–06. Jansen asserts that she is entitled to relief under

[5] The court recognizes that Jansen's motion is dated September 1, 2026. Even so, this date falls more than one week after the filing deadline.

60(b)(1) based on "mistake, inadvertence, surprise, or excusable neglect" or under the "catchall" provision of 60(b)(6), "any other reason that justifies relief." (Pl.'s Br. at 4.) The Government argues that Jansen has not demonstrated the threshold requirements of a meritorious claim and exceptional circumstances or presented facts to demonstrate that either of the Rule 60(b) provisions Jansen cites applies to this matter. (Gov't's Br. at 7–9.) Because Jansen has not demonstrated exceptional circumstances or that Rule 60(b)'s provisions apply, she is not entitled to the exceptional remedy of relief from the court's judgment under Rule 60(b).

**1. Rule 60(b) Threshold Factors**

A plaintiff must first satisfy four threshold requirements to establish relief under any of the Rule 60(b) provisions: (i) timeliness, (ii) meritoriousness, (iii) lack of unfair prejudice, and (iv) exceptional circumstances. Jansen cannot meet this burden, because she fails to show exceptional circumstances.

Relief under Rule 60(b) is an "extraordinary" remedy requiring a showing of exceptional circumstances. *Mayfield*, 674 F.3d at 378. "[This] requirement helps balance the 'sanctity of final judgments' with the court's responsibility to ensure justice is done." *Lescs v. City of Winchester*, No. 5:19-cv-61, 2021 WL 6125746, at *1 (W.D. Va. Dec. 28, 2021) (citing *S.E.C. v. Tsao*, 317 F.R.D. 31, 36 (D. Md. 2016)). The Fourth Circuit has rarely found exceptional circumstances justifying a vacated judgment. *See Buffalo Wings Factory, Inc. v. Mohd*, No. 1:07-cv-612, 2008 WL 2557999, at *5 (E.D. Va. June 23, 2008) (collecting cases). Jansen claims that her failure to respond to the Government's motion was due to a combination of her *pro se* status, inability to access medication needed to process traumatic case materials,

financial limitations, and confusion regarding federal procedural rules. (Pl.'s Br. at 6 ¶¶ 1–4.) These circumstances, while understandable, do not constitute "exceptional circumstances" that justify vacating the judgment under Rule 60(b).

First, courts in the Fourth Circuit have found that a party's *pro se* status and limited financial resources do not support a finding of exceptional circumstances. *See Marks v. U.S. Soc. Sec. Admin.*, 963 F. Supp. 517, 521 (E.D. Va. 1997); *Saunders v. City of Petersburg Police Dep't*, No. Civ. A. 3:03-cv-697, 2005 WL 2708906, at *2 (E.D. Va. Oct. 21, 2005). Accordingly, the challenges Jansen cites that are related to her lack of counsel and economic status are not exceptional circumstances under the Rule. (*See* Pl.'s Br. at 4.)

Second, the circumstances leading up to the dismissal of Jansen's action do not warrant vacating the judgment "to ensure justice is done." *See Lescs*, 2021 WL 6125746, at *1; *see also Montgomery Ward Comprehensive Health Care Plan v. Layne*, No. 95-2441, 1996 WL 436561, at *5 (4th Cir. July 23, 1996) (finding exceptional circumstances where the judge did not have adequate time to consider an outcome-determinative document before reaching his decision, because the opposing party waited to submit the document until the day of the hearing); *Buffalo Wings Factory, Inc.*, 2008 WL 2557999, at *5 ("[T]he court believes that Defendants' allegation that [their attorney] lied to them and entered into the Consent Order without their permission, if proven, would qualify as an exceptional circumstance."). Here, the brief procedural history of this litigation is devoid of any procedural unfairness or bad faith by the Government. Any documents that the court did not have the opportunity to consider before reaching its decision were in Jansen's own possession. Nonetheless, Jansen failed to respond to the Government's motion to dismiss and did not pursue other available methods, such as filing a motion to

extend her time to reply or filing a motion to amend her complaint.[6] Further, Jansen received notice of the substantive and procedural defects in her complaint and was aware of the deadline by which she needed to respond to the Government's motion. In fact, Jansen received multiple notices from the Government of her failure to serve—first, through the Government's letter, and second, through the Government's motion—but she never took steps to perfect service after receiving the second notice.[7] Jansen, therefore, fails to satisfy the threshold showing of exceptional circumstances to justify relief under Rule 60(b).

**2. Rule 60(b) Grounds for Relief**

For the reasons stated above, Jansen has failed to meet the threshold showing of exceptional circumstances required for a Rule 60(b) motion under the Fourth Circuit's two-part test. Even if Jansen *had* satisfied the threshold requirements of Rule 60(b), she must still demonstrate that one of Rule 60(b)'s provisions applies. Jansen claims that she is entitled to relief under Rule 60(b)(1), or, alternatively, under Rule 60(b)(6). But Jansen has not demonstrated that she is entitled to relief on either ground.

[6] The court addresses Jansen's mental-health-related reasons for her failure to respond in its Rule 60(b)(6) analysis. Because the inquiry into "exceptional circumstances" overlaps with the Rule 60(b)(6) "extraordinary circumstances" analysis on the issue of Jansen's mental health, the court will not address the issue here to avoid unnecessary repetition. *See Justus v. Dotson*, No. 7:13-cv-00461, 2025 WL 314030, at *23 (W.D. Va. Jan. 3, 2025) ("Having found that Justus's severe mental illness during the relevant period is an 'extraordinary circumstance,' the court also finds that it constitutes an 'exceptional circumstance.'") For the same reasons discussed in the court's Rule 60(b)(6) analysis, Jansen's mental-health-based reasons for her non-response do not amount to exceptional circumstances. Even if the court found that her circumstances *did* meet the lower "exceptional circumstances" standard, Jansen is not entitled to relief because she has not satisfied the Rule 60(b) provisions.

[7] Although Jansen may have *believed* that she had taken steps to perfect service upon the Government even after receiving its May 5, 2026, letter, the Government's motion to dismiss put her on notice that she, in fact, had not. (*See* Pl.'s Br. at 6 ¶ 4; Pl.'s Reply Br. at 7 ¶¶ 5–6.) Jansen failed to take any action to respond to this notice or request additional time to cure the defect.

**i. Rule 60(b)(1)**

Jansen first seeks relief from the judgment under Rule 60(b)(1). (Pl.'s Br. at 4.) Rule 60(b)(1) provides relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Relief under Rule 60(b)(1) is subject to the district court's discretion. *Russell v. N. Mgmt. Servs., Inc.*, 2020 WL 6281624, at *3 (W.D. Va. Oct. 27, 2020) (citing *Universal Film Exchs., Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973)).

Mistake, inadvertence, and excusable neglect are "often used interchangeably or in conjunction with each other." *Justus*, 78 F.4th at 108. Excusable neglect under Rule 60(b)(1) "is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996). The standard may allow for "inadvertent delays," and "missed deadlines attributable to negligence," but the moving party must provide an acceptable excuse for the delay. *Russell*, 2020 WL 6281624, at *3 (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 392 (1993)).

In determining whether neglect is "excusable," courts engage in "an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission, including, the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Thompson*, 76 F.3d at 533 (internal quotation marks omitted) (quoting *Pioneer Inv. Serv. Co.*, 507 U.S. at 395). "The most important of the[se] factors . . . for determining whether 'neglect' is 'excusable'" is the reason for the movant's delay or failure to respond. *Id.* at 534.

Although Jansen claims entitlement to relief under Rule 60(b)(1), the court finds that the reasons she proffers for her failure to respond should be evaluated under Rule 60(b)(6) instead. In *Justus v. Clarke*, the Fourth Circuit held that the *inability* to comply with a deadline rather than a party's negligent failure to comply is not contemplated under Rule 60(b)(1)'s "excusable neglect" standard, because neglect implies negligence rather than mere "non-action." 78 F.4th at 110 (citing *Pioneer*, 507 U.S. at 393–94). The plaintiff in *Justus* asserted that his severe mental illness prevented him from filing a "competent [habeas] petition." *See id.* at 110. Accordingly, the court determined that the plaintiff's Rule 60(b) motion alleged "extraordinary circumstances" under Rule 60(b)(6) rather than "excusable neglect" under Rule 60(b)(1). *Id.* at 111.

Here, Jansen claims that "she did not intentionally abandon" her case. (Pl.'s Br. at 3 ¶ 10.) She avers that "the subject matter of this action is intensely traumatic" and she "was unable to meaningfully read and process the papers necessary to prepare a response" without her medication. (*Id.* at ¶¶ 10–11.) Although Jansen's case was dismissed, in part, due to improper service, her failure to provide *any* response to the Government's filings or to cure the procedural defects of which she was notified contributed to the dismissal of this action. Because the reason for her non-action was allegedly caused by significant mental health challenges, the court will evaluate her entitlement to relief under Rule 60(b)(6) rather than Rule 60(b)(1). *See Justus*, 78 F.4th at 110–11 ("[A] party's failure to file on time for reasons beyond his or her control is *not* considered to constitute 'neglect.'") (emphasis in original) (citing *Pioneer*, 507 U.S. at 94)).

Moreover, even if partly or wholly at fault for her delay, Jansen would not be entitled to relief under Rule 60(b)(1), because she has not alleged that she acted with diligence despite her condition. *See LHF Prods., Inc. v. Dash Food Mart*, No. 5:16-cv-27, 2019 WL 1290899, at *3 (W.D. Va. Mar. 20, 2019) (denying relief under Rule 60(b)(1) for failure to show diligence); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) ("A party that fails to act with diligence will be unable to establish that [her] conduct constituted excusable neglect pursuant to Rule 60(b)(1)."). Jansen submitted mailing receipts from April 15, 2026, with her briefs as evidence of her attempts to comply with service requirements. (*See* ECF No. 13-4.) She also alleges that she called the Clerk's Office around this time. (Pl.'s Reply Br. at 7 ¶ 5.) But these receipts only show diligence *outside* of the relevant response period and do not account for the time period *after* she received notice of ineffective service through the Government's May 5, 2026, letter. Jansen does not contend that she made efforts to file a response, contact the court, or cure procedural defects after receiving notice of the Government's motion to dismiss. As the reasons Jansen proffers for her inaction are more indicative of an inability to respond rather than negligence, and relief under Rule 60(b)(1) would otherwise be unavailable, her grounds for relief are more properly reviewed under Rule 60(b)(6).

**ii. Rule 60(b)(6)**

A party may seek relief under Rule 60(b)(6) when relief under (60)(b)(1)–(5) is not available. *See Kemp v. United States*, 596 U.S. 528, 533 (2022). Rule 60(b)(6) is a "catchall" provision, allowing for "any other reason that justifies relief." *Id.* However, a party must demonstrate the presence of "extraordinary circumstances" that justify relief from a final

judgment. *Id.* "[F]or a movant's case to succeed, the material offered in support of his Rule 60(b)(6) motion must be 'highly convincing.'" *Holland v. Virginia Lee Co., Inc.*, 188 F.R.D. 241, 252 (W.D. Va. 1999). Relief under this provision is available only in "narrow circumstances," and a party's "faultlessness" is essential to determining whether extraordinary circumstances exist. *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 212 (2025) (noting that the Court found extraordinary circumstances where the petitioner had no reasonable opportunity to timely file an appeal because he was in jail, suffering from illness, and without legal counsel); *see also Ackerman v. United States*, 240 U.S. 193, 198 (1950) ("[T]here must be an end to litigation someday, and free calculated, deliberate choices are not to be relieved from."); *Pioneer Inv. Servs. Co.*, 507 U.S at 393 ("[A] party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay."). As stated above, relief under Rule 60(b)(1) is not available, so Jansen's circumstances are subject to analysis under Rule 60(b)(6).

Here, Jansen attributes her failure to respond to "severe trauma symptoms that substantially interfere[d] with her ability to read, organize and respond to the [litigation] papers." (Pl.'s Br. at 3 ¶ 10.) Specifically, she alleges that "handling the court papers and reliving the underlying VA treatment triggered panic, flashbacks, avoidance, and an inability to read and organize the papers." (Pl.'s Reply Br. at 3.) These symptoms were purportedly exacerbated by her inability to access necessary medication during the response period. (Pl.'s Br. at 3 ¶11.) Jansen's briefs reference medical records (ECF No. 13-1), that reflect diagnoses of chronic post-traumatic stress disorder and recurrent major depressive disorder accompanied by symptoms of panic attacks, avoidance, hyperarousal, difficulty relaxing, and difficulty sleeping.

(Pl.'s Reply Br. at 7 ¶¶ 2–3.) She also cites a Valium prescription which she takes, as needed, to alleviate her anxiety and claims that she could not retrieve her prescription from the pharmacy during the response period. (*Id.* at ¶ 4.) She states that she "understood that the matter was urgent" but that she "struggled to read, organize, and act on the papers" without her medication. (*Id.*)

Relief under Rule 60(b)(6), however, is only available in the narrowest circumstances, *see BLOM Bank SAL*, 605 U.S. at 212, and Jansen has not demonstrated by "highly convincing" evidence that her condition was so severe that it satisfies the "extraordinary circumstances" standard. *See Henderson v. U.S. Dep't of Lab.*, 2008 WL 191302, at *1 (W.D. Va. Jan. 23, 2008) (noting that the "highly convincing" standard is similar to the "clear and convincing evidence" standard); *Justus*, 78 F.4th at 115–16 (finding sufficient supporting evidence of the movant's severe mental health condition in the record to justify further inquiry into their mental state during the relevant period). Jansen avers that she still does not have access to her medication and did not have access to it when filing her motion and reply brief. (*See* Pl.'s Reply Br. at 7 ¶ 5.) But her briefs fail to explain why she is now able to engage in this litigation under the same limitation that purportedly prevented her from filing an earlier response. Indeed, Jansen's briefs are thorough and provide meaningful responses to the Government's arguments—in direct contradiction with the cited effects of her condition without medication.

In *Justus v. Clarke*, the Fourth Circuit noted that Justus's ability to "engage[] in other litigation-related activity" during the applicable response period did not "preclude a finding that Justus's mental illness during that timeframe amount[ed] to an 'extraordinary circumstance.'" 78 F.4th at 116. But there, the court noted that Justus's other litigation-related

activity did not "speak to" the possibility that Justus did not "*understand* the need to timely file" the petition at issue—the applicable standard used in that case.[8] *Id.* (emphasis added) (citing *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)). Here, Jansen must put forth highly convincing evidence that she was "faultless" in the delay and had "no reasonable opportunity" to file a response. *See Pioneer Inv. Servs. Co.*, 507 U.S at 393; *BLOM Bank SAL*, 605 U.S. at 212. She claims that her inability to access her medication prevented her from responding to the Government, but her briefs fail to distinguish her ability to fully engage in the litigation process without her medication since filing this motion, from her inability to do so during the relevant response period. This is fatal to her case. The fact that Jansen has been able to meaningfully engage with the same triggering litigation material without her medication directly undermines her justification for inaction during the earlier response period. *See Justus*, 78 F.4th at 116.

At bottom, Jansen has failed to present highly convincing evidence demonstrating that she had *no reasonable opportunity* to file a response to the Government's motion to dismiss, or any other motion, within the allotted response period. *See Ackerman*, 240 U.S. at 198; *BLOM Bank SAL*, 605 U.S. at 212. Accordingly, Jansen has not met her high burden of establishing extraordinary circumstances warranting relief from the dismissal order.

For these reasons, even if Jansen had satisfied the threshold requirements under Rule 60(b), she is not entitled to relief under Rule 60(b)(1) or Rule 60(b)(6).

---

[8] The Fourth Circuit addressed the standard for exceptional circumstances under Rule 60(b)(6) within the framework of the more stringent equitable tolling standard governing timely habeas petitions. This standard required evidence that "the petitioner cannot 'rationally or factually . . . understand the need to timely file' or where his "mental state render[s] him unable . . . to prepare a habeas petition and effectuate its filing." *Justus*, 78 F.4th at 114 (quoting *Bills*, 628 F.3d at 1099–1100).

## IV. CONCLUSION

Because Jansen's motion to alter or amend the judgment under Rule 59(e) is untimely and she has not demonstrated exceptional circumstances or entitlement to relief from the final judgment under any Rule 60(b) provision, the court will deny Jansen's motion and will not vacate the judgment to grant her leave to amend her Complaint.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 6th day of November, 2026.

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE